**17**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Plaintiff/Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO. 15-22818-D-13G |
| Singh, Surinder | **ADVERSARY COMPLAINT FOR:** |
| _____Debtor_____/ | 1. **DECLARATORY RELIEF TO DETERMINE VALUE AND EXTENT OF LIEN** |
| Singh, Surinder | 2. **EXTINGUISHMENT OF DEED OF TRUST** |
| | 3. **C.C.C. #1567: FRAUD** |
| Plaintiff, | 4. **BREACH OF CONTRACT** |
| v. | 5. **ELDER FINANCIAL ABUSE** |
| | 6. **BREACH OF FIDUCIARY DUTY** |
| CHAMPION MORTGAGE, JOSIE | 7. **CONSTRUCTIVE FRUAD** |
| PING, KEVIN BYRD, AND DOES | 8. **CONSTRUCTIVE TRUST** |
| 1 THROUGH 5, | 9. **NEGLIGENT INFLICTION OF EMOIONAL DISTRESS** |
| | 10. **ATTORNEY FEES AND COSTS** |
| _____Defendants._____/ | |

COMES NOW; Surinder Singh, Plaintiff in the instant adversary

proceeding and Debtors in the underlying Chapter 13 bankruptcy case

(hereinafter "Plaintiff"), by and through their attorney of record,

Peter G. Macaluso, and alleges as follows:

**I.     ALLEGATIONS OF JURISDICTION AND VENUE**

1.   Plaintiff filed a petition for relief under Chapter 13 of

the Bankruptcy Code on 4/7/2015.

-1-

2.    This adversary proceeding is brought in connection with Plaintiffs' underlying bankruptcy case under Chapter 13 of Title 11, case number 15-22818. In this matter, Plaintiff's Chapter 13 case is pending confirmation.

3.    This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. The complaint, as set forth herein, involves the voiding of the secured status of a claim pursuant to 11 U.S.C. § 506, and as such constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K) & (L).

4.    Plaintiff contends that the cause of action pursuant to the California Civil Code in this matter are part of the core proceeding as it would only arise but for the initial order to classify this claim as a class 4 claim, keeping the property and insurance current, thereby the resulting in a confirmed Chapter 13 Plan.

5.    Plaintiff further contends that the cause of action pursuant to the California Civil Code in this matter is not preempted by the bankruptcy code as the bankruptcy code does not provide a specific remedy at the time of this complaint being filed as the reverse mortgage lien is a State law by-product of the Bankruptcy Court's determination that the defendant's security was rendered void at the completion of tria;.

6.    To the extent that any part of this matter is deemed non-core, Plaintiff consents to this Court in rendering final judgment.

///

///

///

1  II.   **GENERAL ALLEGATIONS**

2       7.     Plaintiff's bankruptcy schedules state that the

3  Plaintiff's interest in the residence, commonly known as 1863

4  Elmwood Avenue, Stockton, CA 95204 (hereinafter the "Subject

5  Property").

6       8.     There exists a first position note and deed of trust

7  recorded in favor of Defendant, Champion Mortgage (hereinafter

8  "Defendant"), which pursuant to the Champion's claim in the

9  underlying case, the amount contracted was $195,000.00, on May 8,

10 2007.

11      9.     The Note and 1st Deed of Trust ("Note and Deed"), as

12 reflected in exhibit #1, purports to contain the signature of one

13 "Gurdial Kaur", mother of the debtor executed on July 6, 20010.

14      10.    The Note and Deed is purported to have been signed by

15 Gurdial Kaur, according to "Kevin Byrd" Notary Public, as witness

16 to Gurdial Kaur's personal signature.

17      11.    The Note and Deed is purported to have been signed by

18 Surinder Singh (Plaintiff), according to Kevin Byrd Notary Public,

19 as witness to Plaintiff's personal signature.

20      12.    The Note and Deed was purported to be signed by Gurdial

21 Kaur as Borrower, and Co-Trustee of the Singh-Kaur Survivor's Trust

22 Under Trust Instrument, Dated August 16, 2006.

23      13.    The Note and Deed was purported to be signed by

24 Plaintiff, as Co-Trustee of the Singh-Kaur Survivor's Trust Under

25 Trust Instrument, Dated August 16, 2006.

26      14.    Champion issued a Monthly Reverse Mortgage Statement

27 asserting, printed January 6, 2016, asserting that the Original

28

1  Principal Limit was $93,730.00, and that the Current Total Loan

2  Balance is $131,771.11.

3       15.   The value of the subject property is in excess of

4  $231,000.00, at the date of the filing of the underlying chapter 13

5  case.

6       16.   Plaintiff, Surinder Singh is the beneficiary of, and Co-

7  Trustee of the "Singh-Kaur Family Trust" (hereinafter "Trust"),

8  formed February 9, 1998.

9       17.   Gurdial Kaur, was also a Co-Trustee of the Trust, was a

10 born on 5/8/1927 and died on 12/2/2014. Prior to her death, Gurdial

11 Kaur was, at the times complained of herein, over the age of sixty-

12 five (65) years, and is an elder as defined by Welfare and

13 Institutions Code section 15620.27 and a resident of San Joaquin

14 County, California.

15      18.   On February 27, 1998, the Trust was amended to the "First

16 Amendment to the Singh-Kaur Family Trust" (hereinafter "Amended

17 Trust").

18      19.   On October 5, 2000, an Affidavit - Death of Joint Tenant,

19 Roshbinder Singh, and Grant Deed to Surinder Singh and Gurdial

20 Kaur, as Joint Tenants, which was recorded at the San Joaquin

21 County Recorder, and Decedent Gurdial Kaur, was the Co-Trustee of

22 the Trust.

23      20.   On or about, January 20, 2008, and continuing through

24 November 2012 ("term of employment"), Defendant Josie Ping, did act

25 as Gurdial Kaur's caretaker, financial consultant, and tax

26 preparer.

27      21.   During this Term of Employment, Defendant, Josie Ping did

28

1  regularly send, and receive various payments for services such as

2  caretaker, financial consultant, and tax preparer.

3      22.  During this Term of Employment, Defendant, Josie Ping,

4  did have access to Gurdial Kaur's financial records.

5      23.  During this Term of Employment, Defendant, Josie Ping,

6  did have access to Gurdial Kaur's bank accounts, including but not

7  limited to checks, statements, and mail.

8      24.  On or about January 2008 and continuing through November

9  2012, Defendant took wrongful possession of Gurdial Kaur's mail.

10     25.  On or about January 2008 and continuing through November

11 2012, Defendant wrote checks on the account of Gurdial Kaur's and

12 was the recipient of such funds.

13     26.  Plaintiff is informed and believes and thereon alleges

14 that on or about July 6, 2010, Defendant Josie Ping entered into a

15 contractual agreement with Defendant Campion Mortgage which was

16 secured by a Reverse Mortgage Note and Deed of Trust.

17     27.  Said contract was entered into without the knowledge and

18 consent of Gurdial Singh, nor Plaintiff, Surinder Singh.

19     28.  Said Note and Deed of Trust was allegedly personally

20 witnesses by Defendant Kevin Byrd, which did not occur.

21     29.  Even if the document was signed by Gurdial Singh, Gurdial

22 Singh did not have the capacity to sign such a document at that

23 time.

24     30.  At the time the contract was entered into, on July 6,

25 2010, Defendants made the representations described herein, they

26 knew, or should have known, that these representations and this

27 conduct  would  cause  harm  to  Plaintiff  and  that  there  was  a

28

1  substantial certainty of damage to the Plaintiff which would result

2  from these representations and this conduct.

3      31.   Nevertheless, Defendants recklessly and intentionally

4  disregarded Plaintiff's rights and the injurious consequences to

5  Plaintiffs and with the intent to oppress, defraud, and deceive

6  Plaintiff.

7  **III. <u>PARTIES</u>**

8      32.   Plaintiff, Surinder Singh, is the debtor in the

9  underlying bankruptcy case, case no. 15-22818-D-13G, and the

10 Subject Property commonly known as 1863 Elmwood Avenue, Stockton,

11 CA 95204 (hereinafter the "Subject Property").

12      33.   Defendant, Champion Mortgage, is the company who holds

13 the 1st Deed of Trust and note of reverse mortgage ("Note and

14 Deed") recorded against the Subject Property, which does business

15 at P.O. Bopx, 40724, Lansing, MI 48901-7924.

16      34.   Defendant, Kevin Bryd, is the Notary who alleges top have

17 witnessed the signing of the Note and Deed, and does business at

18 3311 Glayhouse Lane, Stockton, CA 95204.

19      35.    Defendant, Josie Ping, is resides at 3435 N. Pershing

20 Ave., Stockton, CA 95204-2962, whom was Gurdial Kaur's caregiver,

21 accountant, financial consultant, and is an unknown business entity

22 in the County of San Joaquin, CA, with an address of 3435 N.

23 Pershing Ave., Stockton, CA 96204-2962.

24 **IV.   <u>CAUSES OF ACTION</u>**

25              **<u>FIRST CAUSE OF ACTION</u>**
   **Declaratory Relief to Determine Extent and Validity of Lien**

26

27      36.   Plaintiff incorporates all of the above paragraphs as set

   forth herein at length.

28

37. Plaintiff alleges that the Subject Property became property of the bankruptcy estate upon the filing of the petition which commenced the underlying Chapter 13 case.

38. An actual controversy exists between Plaintiff and Defendants with respect to the validity, priority, and extent of liens or other interest in the Subject Property. Plaintiffs contend that the deed of trust held by Defendant.

39. Plaintiff therefore seeks a declaratory judgment pursuant to F.R.B.P. § 7001(9), invoking F.R.B.P. § 7001(2) & F.R.B.P. § 7001(6), determining that the 1st Deed of Trust has not been signed by either Co-Trustee's Decedent Gurdial Kaur, nor Plaintiff Surinder Singh.

40. Plaintiff is informed and believe that the Note and Deed were not actually signed by Gurdial Kaur.

41. Plaintiff is informed and believe that the Note and Deed were not actually signed by Surinder Singh.

42. Under applicable law, the Court has the authority to void the Note and Deed.

43. Defendant Champion did not disburse and of the $195,000.00 in funds, identified by the Note and Deed, to either Decedent Gurdial Kaur, nor Plaintiff Surinder Singh.

44. Plaintiff requests that any such judgment contain language consistent with a Deed of Reconveyance, which should have been recorded by Defendant(s), that directs that title be reconveyed and restored to Plaintiffs which includes "all right, title, and interest" acquired by said Deed of Trust to Defendant related to the Deed of Trust they hold.

45.    Plaintiff seeks, pursuant to F.R.B.P. § 4007(a) & (b), a determination that the debt has been fully discharged and any security interest voided.

## SECOND CAUSE OF ACTION
**Extinguishment of the Deed of Trust Claim**

46.    Plaintiff incorporates all of the above paragraphs as set forth herein at length.

47.    Under the applicable law, as Plaintiff and Co-Trustee did not actually and personally sign the Note and Deed recorded against the Subject Property.

## THIRD CAUSE OF ACTION
**C.C.C. #1567; Fraud**

48.    Plaintiff incorporates all of the above allegations as set forth herein at length.

49.    Defendants knowingly misrepresented Plaintiff, and/or Co-Trustee Decedent Gurdial Kaur

50.    Defendants did conceal the true nature of the documents presented the County of San Joaquin to be recorded as the Note and Deed against the Subject Property.

51.    Defendant's actions in recording the note and deed is a waswithout actual constent, and due to fraud, and undue influence.

52.    As a proximate result of Defendants violation of Clifornia Civil Code Section #1567, Plaintiffs have been required to file an adversary proceeding, at substantial cost, which is a direct breach of Defendants' statutory duty and has damages Plaintiffs by this cost.

///

**FOURTH CAUSE OF ACTION**
**Breach of Contract**

53.    Plaintiff incorporates all of the above allegations as set forth herein at length.

54.    By and through the Note and Deed, allegedly signed by Plaintiffs and Defendant, Champion Mortgage, parties entered into a written contract whereby the parties agreed that in the event of litigation, the prevailing party shall be entitled to recover attorney fees and costs.

55.    Defendants breached the terms of the contract when they failed to insure that the borrower, Co-Trustee Decedent Gurdial Kaur actually, and personally signed the Note and Deed.

56.    Defendants breached the terms of the contract when they allowed Josie Ping to sign the Note and Deed instead of borrower, Gurdial Kaur.

57.    As a direct and proximate result of Defendant's breaching the terms of the contract, Plaintiffs suffered damages.

**FIFTH CAUSE OF ACTION**
**Elder Financial Abuse**

58.    Plaintiff incorporates all of the above allegations as set forth herein at length.

58.    Defendant Josie Ping took charge of the management and did manage Decedent Gurdial Kaur's financial affairs from June 2008 through November 2012.

59.    Defendant Josie Ping did sign Decedent Gurdial Kaur's name on the contract(s) with Defendant Champion Mortgage.

60.    Defendant Josie Ping did sign Plaintiff Surinder Singh's name on the contract(s) with Defendant Champion Mortgage.

1    61.    Plaintiff Surinder Singh is informed, believes and
2  thereon alleges that Defendant, Josie Ping, at all times relevant
3  to this action, had the care and custody of Decedent Gurdial Kaur.
4  Plaintiff alleges that Defendant had voluntarily undertaken to
5  supervise, arrange, manage and direct the care needs of Decedent
6  Gurdial Kaur, and was induced to and did rely upon Defendant Josie
7  Ping for her basic health, food, clothing, shelter, and personal
8  needs, and the management and control of her personal and financial
9  needs.

10    62.    Plaintiff Surinder Singh is informed and believes and
11 thereon allege that Defendant Joise Ping, has taken, secreted
12 and/or appropriated money and property from Decedent Gurdial Kaur
13 which was not in the due and lawful performance of Decedent Gurdial
14 Kaur trust and that Defendants' converted said real property, money
15 and personal property.

16    63.    Plaintiff Surinder Singh is informed and believes that
17 Defendant, Champion Mortgage, knew and should have known that
18 Decedent Gurdial Kaur was without the capacity to enter into such
19 a contract for a reverse mortgage.

20    64.    Plaintiff Surinder Singh is informed and believes that
21 Defendant, Champion Mortgage knew and should have known that Josie
22 Ping actually sign the contract, including note and reverse deed of
23 trust.

24    65.    Plaintiff Surinder Singh is informed and believes that
25 Defendant, Champion Mortgage knew and should have known that
26 Decedent Gurdial Kaur would not, and did not receive the funds
27 alleged to have been disbursed in the loan amount of $195,000.00.
28

66.   Plaintiff Surinder Singh is informed and believes that Defendant, Champion Mortgage knew and should have known that Decedent Gurdial Kaur had the right to have the property transferred or made readily available to Decedent Gurdial Kaur, and based upon information supplied to Defendant Champion Mortgage, it was obvious to a reasonable person that Decedent Gurdial Kaur was being defrauded.

**SIXTH CAUSE OF ACTION**
**Breach of Fiduciary Duty**

67.   Plaintiff incorporates all of the above allegations as set forth herein at length.

68.   Plaintiff is informed and believes and thereon alleges that during the periods of time alleged herein, Defendant Josie Ping occupied the position of conservator, advisor, attorney-in-fact, custodian, trustee, agent and fiduciary.

69.   Plaintiff is informed and believes and thereon alleges that during the periods of time alleged herein, Defendant Josie Ping, took advantage of the trust, confidence, and influence.

70.   Defendant(s) induced and persuaded Decedent Gurdial Kaur to execute the aforementioned documents, forged Decedent Gurdial Kaur and Plaintiff Surinder Singh's signatures, and engaged in the aforementioned conduct.

71.   Such documents would not have been executed or engaged had such conduct not occurred, had defendants not taken advantage of the trust and confidence in them by Decedent Gurdial Kaur and Defendants not induced and persuaded Decedent Gurdial Kaur to cooperate with the execution of said contracts.

72.   In performing that acts herein alleged, Defendants acted

fraudulently, maliciously, and oppressively, within the meaning of Welfare and Institutions Code Section 15657.5 and Civil Code Section 32924, thereby justifying an award of punitive damages in an amount according to proof.

73.   Under Probate Code Section 859, Defendants are liable to Plaintiff for twice the value of the property recovered pursuant to said section.

## SEVENTH CAUSE OF ACTION
### Constructive Fraud

74.   Plaintiff incorporates all of the above allegations as set forth herein at length.

75. Defendants, with the intent to deceive and defraud Plaintiff and Decedent Gurdial Kaur, manipulated Plaintiff and Decedent Gurdial Kaur that the Subject Property would be held and administered for Decedent Gurdial Kaur's benefit.

76.   Plaintiff is informed and believes and thereon alleges that in truth and in fact, as Defendants well knew, their representations were false and fraudulent, and Defendants did not intend to hold and administer Decedent Gurdial Kaur's property for their benefit.

77.   Plaintiff is informed and believes and thereon alleges that in truth and in fact, as Defendants well knew, that the true facts were that the funds of $195,000.00, from the reverse loan contract were not for her benefit, but converted to her own use.

78.   Plaintiff is informed and believes and thereon alleges that had the true facts been known to Decedent Gurdial Kaur, that at the time of the making of the representations that the representations were false, and made by Defendant Josie Ping to her

-12-

to deceive and defraud her, and to act in reliance upon these representations and to entrust her property to Defendants, and with the intent to prevent Plaintiff from further inquiry.

79.   Plaintiff is informed and believes and thereon alleges that Decedent Gurdial Kaur, and Plaintiff Surinder Singh had trust and confidence in Defendants, and believed in and relied on their honesty, fairness, good faith, and superior knowledge, believed the representations to be true, and thereby were induced to entrust their property to them and to refrain from taking any action to prevent them from converting their property to Defendants' use.

80.   As a proximate case of Plaintiff and Decedent Gurdial Kaur's reliance upon these representations and subsequent conduct by Defendants, and each of them, Plaintiff suffered economic losses in an amount to be proven at trial.

81.   In performing the acts herein alleged, Defendants acted fraudulently, maliciously, and oppressively, within the meaning of Welfare and Institutions Code section 15657.5, and Civil Code Section 3294, thereby justifying an award or punitive damages in an amount according to proof.

82.   Under Probate Code Section 859, Defendants are liable to Plaintiff for twice the value of the property recovered pursuant to said section.

**EIGHTH CAUSE OF ACTION**
**Constructive Trust**

83.   Plaintiff incorporates all of the above allegations as set forth herein at length.

84.   At all times relevant to this action, there existed between Plaintiffs and Defendants, each of them, a fiduciary and/or

-13-

1  confidential relationship upon which Plaintiff and Decedent Gurdial

2  Kaur justifiably relied to their detriment. By virtue of the

3  relationship between Plaintiff, Decedent, and Defendants, and each

4  of them, a fiduciary duty existed. Pursuant to said duty,

5  Defendants, and each of them, owed the utmost good faith and

6  fairness to Plaintiff and Decedent in all matters pertaining to

7  Defendants' conduct with respect to the Reverse Mortgage Note and

8  Deed of Trust.

9      85.  Defendants, each of them, accepted the reliance of

10  Decedent Gurdial Kaur on the fiduciary and/or confidential

11  relationship.

12      86.  Defendants, each of them, breached the aforesaid duty as

13  alleged herein, and in so doing gained an advantage over Decedent

14  Gurdial Kaur in matters relating to the management and control of

15  their assets.  In particular and without limiting the generality of

16  the foregoing in breaching said duty(ies) as alleged herein.

17  Defendants, and each of them, are required to disgorge their

18  profits, and Plaintiff is entitled to an award in the amount of

19  there profits, and interest on all such some from the date of

20  injury.

21      87.  In performing the acts herein alleged, Defendants acted

22  fraudulently, maliciously, and oppressively, within the meaning of

23  Welfare and Institutions Code section 15657.5, and Civil Code

24  Section 3294, thereby justifying an award or punitive damages in an

25  amount according to proof.

26      88.  Under Probate Code Section 859, Defendants are liable

27  to Plaintiff for twice the value of the property recovered pursuant

28

to said section.

### NINTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

89. Plaintiff incorporates all of the above allegations as set forth herein at length.

90. As a direct and proximate result of Defendants negligence and carelessness, Decedent Gurdial Kaur and Plaintiff Surinder Singh suffered financial losses, emotional, and physical distress in an amount and manner according to proof.

91. Defendants are guilty of recklessness and oppression and fraud and malice in the commission of the acts of abuse alleged herein.

92. In performing the acts herein alleged, Defendants acted fraudulently, maliciously, and oppressively, within the meaning of Welfare and Institutions Code section 15657.5, and Civil Code Section 3294, thereby justifying an award or punitive damages in an amount according to proof.

93. Under Probate Code Section 859, Defendants are liable to Plaintiff for twice the value of the property recovered pursuant to said section.

### FIFTH CAUSE OF ACTION
### Attorney Fees and Costs

94. Plaintiff incorporates all of the above allegations as set forth herein at length.

95. Plaintiff is entitled attorney's fees by statute, California Civil Code § 115, and pursuant ot the terms of the contract between the parties.

96. Defendants breached the terms of the contract when

1 Defendants failed to release its lien. By contract, the Note and
2 Deed of Trust contain an attorney's fees and cost provision (see
3 Exhibit #1, "Note and Deed") for the benefit of Defendants.

4     97.   As such, under California Civil Code § 1717, a reciprocal
5 contractual attorney's fees statute, Plaintiff is entitled to
6 reimbursement of attorney's fees.

7     98.   Therefore, Plaintiff requests an award of attorney's fees
8 in an amount the Court determines to be reasonable, as authorized
9 by the provisions of the contract between the parties and pursuance
10 to the California statues cited herein.

11 **IV.    <u>REQUEST FOR JUDGMENTS AND ORDERS</u>**

12     WHEREFORE, Plaintiff prays for a judgment against Defendants
13 as follows:

14     a.    That the Court issue a judgment holding the deed of
15 trust recorded by Champion to be an unsecured lien and therefore be
16 treated as an unsecured claim;

17     b.    That the Court issue a judgment holding that the deed
18 of trust recorded by Champion Mortgage is extinguished and has no
19 further force and effect as a secured lien against Plaintiff's real
20 property;

21     c.    That the Court issue a judgment in a format allowed for
22 recording that voids the Reverse Mortgage Deed of Trust.

23     d.    For attorney's fees and costs as allowed for in the
24 contract between Plaintiffs and Defendants and pursuant to
25 California Civil Code § 1717.

26     e.    For a statutory penalty of pursuant to California Civil
27 Code §1567.

28

1    f.    For all costs of suit incurred in this action including

2  attorney's fees; and

3    g.    For such other and further relief as the Court deems

4  just and proper.

5    h.    That Plaintiffs have such other and further relief as

6  may be deemed just.

7

8  Respectfully submitted,

9  DATED: March 28, 2016                /s/Peter G. Macaluso

                                        Peter G. Macaluso
10                                      Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28